# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**June 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **K.P.-1, K.P.-2, and K.P.-3**

**No. 16-0176** (Nicholas County 14-JA-11, 14-JA-12, & 14-JA-13)

## MEMORANDUM DECISION

Petitioner Mother T.P., by counsel Gregory W. Sproles, appeals the Circuit Court of Nicholas County's February 4, 2016, order terminating her parental rights to K.P.-1, K.P.-2, and K.P.-3.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Christopher S. Dodrill, filed its response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Cammie L. Chapman, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating her parental rights and in denying her post-termination visitation with the children.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2014, the DHHR filed an abuse and neglect petition and alleged that petitioner exposed the children to methamphetamine production and her drug use. The petition

---

[1]Because the children share the same initials, we will refer to them as K.P.-1, K.P.-2, and K.P.-3 throughout the memorandum decision. Additionally, the proceedings below concerned a child that is not petitioner's biological child. Petitioner raises no assignment of error in regard to this child, and the Court will not address the circuit court's rulings in regard to that child in this memorandum decision. Finally, consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

further alleged that the home was so cluttered that Child Protective Services ("CPS") could not see the floor in the children's bedrooms. That same month, the circuit court held a preliminary hearing, which petitioner waived. After petitioner moved for an improvement period, the circuit court ordered that the parents undergo psychological evaluations. Further, in March of 2014, the DHHR filed an amended petition to include another of the father's children. The amended petition also alleged that petitioner tested positive for opiates and oxycodone on March 5, 2014.

In April of 2014, the circuit court held an adjudicatory hearing, during which petitioner stipulated that she abused alcohol and drugs such that her parenting abilities were impaired and that she exposed the children to methamphetamine. The circuit court then granted petitioner a post-adjudicatory improvement period that required her to remain free of drugs and alcohol, submit to random drug screens, obtain and maintain suitable housing, and obtain employment. Following a review hearing in October of 2014, the circuit court extended petitioner's improvement period. In December of 2014, the DHHR updated the circuit court as to petitioner's progress, including her recent employment, passage of drug screens, and positive visitation with the children. Following a review hearing in January of 2015, the circuit court again found that petitioner made significant progress, but set the matter for disposition because her post-adjudicatory improvement period had expired.

Following a dispositional hearing in February of 2015, the circuit court granted petitioner another improvement period as disposition. The circuit court later extended this improvement period following a hearing in May of 2015. However, according to the guardian's report from February of 2015, the parents were progressing at different rates in their improvement periods. The guardian noted that the father had maintained his sobriety since September of 2014, but that petitioner "struggle[d] to follow the rules" of her rehabilitation program. According to the guardian, petitioner was placed on certain restrictions for "deceitful and manipulative behaviors," among other issues. Despite these concerns, the circuit court returned the children to petitioner's care in June of 2015.

In July of 2015, the multidisciplinary team ("MDT") learned that petitioner had a new boyfriend who was living with her. According to the MDT, this boyfriend threatened the children's well-being due to his history of CPS involvement and prior convictions for domestic violence and drug-related crimes. It was further noted that the children were afraid of the boyfriend. Following a review hearing in August of 2015, the children were placed with the father. The circuit court further granted the DHHR and guardian discretion in providing petitioner visitation with the children. Following this hearing, petitioner's compliance with services worsened. According to the guardian, petitioner was evicted from her home and failed to report her new address to the MDT; failed to report for drug screens; and failed to appear for a September MDT meeting. Additionally, petitioner later appeared for visitation more than an hour late and told the children it would be her last visit. As such, the MDT ceased visitation until petitioner complied with services. The guardian further recommended that petitioner's parental rights be terminated.

In September of 2015, the circuit court held a dispositional hearing and found that, although she completed drug rehabilitation, petitioner's actions continued to threaten the children's safety. The circuit court further found that petitioner continued her relationship with

someone the children feared, despite being aware of her children's concerns. The circuit court also found that petitioner failed to be forthright with the DHHR and evaded a worker. The circuit court ultimately terminated petitioner's parental rights and denied her visitation with the children. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

To begin, we find no error in the circuit court's termination of petitioner's parental rights. On appeal, petitioner argues that she completed the terms of her improvement period and corrected the conditions that led to the petition's filing. The Court, however, does not agree. While it is true that petitioner complied with many services below, including completing long-term substance abuse treatment, the record is clear that she failed in several other regards. Specifically, shortly before disposition, petitioner failed to submit to drug screens and attend the MDT meeting to address issues with her boyfriend. Petitioner was also over an hour late for visitation with the children and reportedly said, in the children's presence, that she "didn't want them anyway" and that she was "tired of dealing with this crap." Petitioner also reportedly told the children it would be their last visit with her.

Moreover, the guardian noted that the children reported fearing petitioner's live-in boyfriend because he carried a gun and knives and smelled like marijuana. The record further established that petitioner was evasive with a DHHR employee concerning the boyfriend, as she initially reported that the boyfriend only moved in recently. However, when confronted with information from her landlord that contradicted petitioner's account, she later confirmed that they had been dating for three months and he had been living in the home for a month. Further, the record established that petitioner was evicted from her home and failed to provide the DHHR with her updated address. In support of her assignment of error, petitioner argues that her parental rights were terminated upon allegations not contained in the abuse and neglect petition. However, petitioner's argument is inaccurate, as the original petition in this matter alleged that petitioner failed to provide the children with suitable housing due to their exposure to

methamphetamine production. Similarly, her parental rights were terminated, in part, upon her continued inability to provide the children with safe housing, as evidenced by her eviction and the fact that she lived with her boyfriend, an inappropriate individual with a past domestic violence conviction, prior CPS history, and a man whom the children feared.

While petitioner argues that the circuit court did not have evidence upon which to base its finding that she could not correct the conditions of abuse and neglect in the home, the Court does not agree. This finding was based, in part, upon a DHHR employee's testimony that the services provided were unsuccessful, as evidenced by petitioner's continued failure to provide the children a safe, suitable home. Further, pursuant to West Virginia Code § 49-4-604(c)(3), there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected when

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

Although petitioner argues that she corrected the conditions of abuse and neglect, the record is clear that they persisted throughout the extended proceedings below. Further, the record is clear that petitioner intentionally stopped complying with the DHHR's services shortly before disposition. As such, the circuit court correctly found that there was no reasonable likelihood she could substantially correct the conditions of abuse and neglect and that termination was necessary for the children's welfare. Contrary to petitioner's argument that the circuit court erred in finding that there was no less-restrictive dispositional alternative than termination, the Court finds that the circuit court was required to terminate her parental rights upon these findings pursuant to West Virginia Code § 49-4-604(a)(6).

Moreover, we have previously held that "'courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened . . .' Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980)." Syl. Pt. 4, in part, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). As noted above, the circuit court had serious concerns about petitioner's ability to protect the children and provide them with safe, suitable housing. As such, we find no error in the circuit court terminating her parental rights.

Finally, petitioner argues that the circuit court erred in denying her motion for post-termination visitation with the children. The Court, however, finds no error in this regard. We have previously held as follows:

> "When parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of

4

appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002). According to petitioner, the circuit court should have allowed her post-termination visitation because of the close bond between her and the children. She further argues that supervised visitation could be implemented to protect the children from any inappropriate actions on her part. The Court, however, does not agree. According to the record, petitioner's final three visitations with the children "did not go well." More importantly, the record shows that petitioner inappropriately addressed the children during her final visitation and discussed her desire to let someone else take the children while in their presence. As such, it is clear that even supervised visitation with petitioner was inappropriate, as she previously behaved in a way that is detrimental to the children's well-being. For these reasons, we find no error in the circuit court denying petitioner post-termination visitation because the same is clearly not in the children's best interests.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 4, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: June 6, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II